NORTH CAROLINA

GUILFORD COUNTY

PAUL NICHOLS,

    Plaintiff,

vs.

VECELLIO & GROGAN, INC.

    Defendents

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

09 CVS 6994

FILED 2009 MAY 11 P 3 12

COMES NOW, the Plaintiff, complaining of the Defendants, and alleges and says:

1.

That the Plaintiff is a citizen and resident of Guilford County, North Carolina.

2.

That the Defendant(s) Vecellio & Grogan, Inc. is a corporation organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business in Guilford County, North Carolina.

3.

That on or about October 28, 2008, the Plaintiff received a register letter from Ivan Clayton, VP of Sharpe Brothers, division of Vecellio & Grogan, Inc., stating I should report to work by November 3, 2008 in order to keep my position with the company. I complied with request and reported to work on November 3 but was still terminated. The termination reason was for failure to comply with company call in procedure; however, I did call in. On October 13, 2008 I spoke with Mike (truck supervisor) and he stated no work this particular day and I was instructed to contact John Riley (safety director) and he stated there was no modified work and he was going on vacation for two (2) weeks but gave me no further instructions for contact purposes. So, my assumption was this was a temporary layoff. Riley stated to me I would need to go back to the company physician to be released for truck driving duty again. However, I had already been released by their physician on August 22, 2008 *with restrictions of limited driving (off road) and mostly pavement, with at least six inches of head space.* In reference to Statue 95-240 this discharge falls under 'Retaliatory action'.

4.

A

In reference to the above due to the restrictions given by the physician it seems in my opinion they were completely disregarded. Further, I was placed in a position of standing for a long period of time which went completely against doctor's orders. This action by my superiors resulted in further injury to my neck and back. According to Statue 95-241 Article 16 this was direct action concerning condition or safety and health.

5.

On September 15, 2008 I had an appointment with Dr. Kendell, who is an orthopedic doctor, and was there for one hour and a half (1.5 hrs.). Because I was on vacation, the 1.5 hrs was not added to my timesheet for this particular week and I added it when I remembered. This addition of time in my opinion was legitimate because it was due to a work injury that the need for the visit even existed. However, on October 6, 2008 I was written up and suspended for three days for allegedly falsifying time card.

6.

Further, according the company's submission of days I missed work, many of those days were rainy days. Due to the type of business (construction) they did not have us work on those days.

WHEREFORE, the Plaintiff respectfully prays the Court as follows:

1. That he have and recover all lost wages, health insurance, 401K, and for all expenses related to this work injury.

This the 11th day of May, 2009.

*Paul Nichols* (signature)

Paul Nichols

1511 Willow Road

Greensboro, NC 27401

Telephone: (336) 379-0312

## FORM 16-2. Verifications.

### VERIFICATIONS

*(Verification by party.)*

North Carolina
_Guilford_ County

_Paul Nichols_, being first duly sworn, deposes and says that he is the plaintiff in the foregoing action and that the allegations set forth in the complaint are true to the best of his knowledge and belief, except for those allegations set forth upon information and belief, and as to those allegations, he believes them to be true.

_____
Affiant

Sworn to and subscribed before
me this __11__ day of __May__, 20_09_.

_____
Notary Public
My commission expires: _10-10-2010_

BETTYE B. HOWARD
NOTARY PUBLIC
GUILFORD COUNTY, NC
My Commission Expires October 10, 2010

N.C.G.S. § 1A-1, Rule 11(b).

*(Verification by agent or attorney in complaint upon written instrument.)*

North Carolina
_____ County

_____, being first duly sworn, deposes and says that he is the agent of (*or*, attorney for) the plaintiff in this action; that this is an action founded upon a written instrument for the payment of money only and the instrument (or a true copy) is in the possession of this affiant (*or*, all the material allegations of the complaint are true to his personal knowledge and the plaintiff is unable to make this affidavit because _____); and that the allegations set forth in the foregoing complaint are true to the best of his knowledge and belief, except for those allegations set forth upon information and belief, and as to those allegations, he believes them to be true.

_____
Affiant

Sworn to and subscribed before
me this _____ day of _____, 20_____.

(Rel. 7-12/2008 Pub.61341)